458 So.2d 617 (1984)
Isaac David HANKS, Plaintiff-Appellee,
v.
Bonnie Rita HANKS, Defendant-Appellant.
No. 83-963.
Court of Appeal of Louisiana, Third Circuit.
November 7, 1984.
*618 Hawley & Schexnayder, Nelson J. Schexnayder, Jr., Lafayette, for defendant-appellant.
Castle & English, John E. Castle, Jr., Lafayette, for plaintiff-appellee.
Before DOMENGEAUX, CUTRER and LABORDE, JJ.
LABORDE, Judge.
In this child custody case defendant, Bonnie Rita Hanks (Faulkinberry after remarriage), appeals from a judgment in favor of plaintiff, her ex-husband, Isaac David Hanks, denying her request for the joint custody of their four (4) minor children. We affirm.
On November 7, 1979, Isaac Hanks filed suit against his wife seeking an immediate divorce and custody of the four (4) minor children born of the marriage. The temporary care, custody, and control of the children, Isaac Louis, Robert Allen, Cherami Lyn, and Mitchell Joseph, was awarded to Mr. Hanks. On August 4, 1981, judgment was entered granting Mr. Hanks a divorce and permanent custody of the children. On May 25, 1983, Bonnie Hanks Faulkinberry filed a rule to change custody seeking an award of joint custody. The trial court ordered that Mr. Hanks retain custody of the children and that the previously established visitation arrangement be maintained. From that judgment, defendant, Bonnie Hanks Faulkinberry, perfects this appeal.
The standard of review in a custody matter gives great weight to the trial court's decision which should be overturned only when there is clear abuse of discretion. Stephenson v. Stephenson, 404 So.2d 963 (La.1981). A review of the record reveals no abuse of discretion.
The sole criterion applicable in change of custody cases is the best interest of the child. LSA-C.C. Article 157; Bordelon v. Bordelon, 390 So.2d 1325 (La.1980); Bentley v. Bentley, 440 So.2d 1365 (La. App. 3rd Cir.1983), writ denied, 444 So.2d 125 (La.1984); Turner v. Turner, 455 So.2d *619 1374 (La.1984). In its reasons for judgment, the trial court stated as follows:
"A joint custody arrangement mandates not only the sharing of physical custody of the children, but also co-tutorship which requires an exchange of information and joint decision making regarding the welfare of the children. The Court believes that given the history of animosity between these parties, it would be impossible for them to work within a plan calling for joint custody...
The evidence presented at the hearing in this matter was sufficient to rebut the presumption that best interest of the children would be served by changing the custody of the children to an arrangement of joint custody..."
The record does reveal that the relationship between the parties would make implementation of the joint custody plan difficult. Mr. Hanks testified that he did not believe that he and his ex-wife, the present Mrs. Faulkinberry, could work together as co-tutors of the children because of their difficulty in communicating and because of the problems created by her filing a rule questioning his paternity. Bonnie Hanks Faulkinberry testified that her new husband, Mr. Faulkinberry, would be involved in all decisions regarding the children if joint custody was implemented. Mr. Hanks, however, testified that he disliked Mr. Faulkinberry; that communications between the two would be difficult, if not impossible, and that the two men had never contacted each other.
In correctly finding that a joint custody plan could not be easily carried out, the trial court stated, "The evidence presented in this matter shows that Isaac David Hanks has always provided the children with a very good, stable, and loving environment." The children have always lived with their father in Rayne, Louisiana; therefore, they have attended school and have been involved in extra-curricular activities there. Mr. Hanks has employed someone to care for the children while he is at work and has provided the children with a comfortable home. Since the children are presently in a stable environment and joint custody would not be feasible, the trial court did not abuse its discretion in denying joint custody and refusing to change the existing custody arrangement.
For the above and foregoing reasons, the trial court's judgment is affirmed. Costs are assessed against defendant-appellant, Bonnie Rita Hanks Faulkinberry.
AFFIRMED.