466 So.2d 1370 (1985)
Raymon O. SLAUGHTER, Plaintiff-Appellee,
v.
Carol Carter SLAUGHTER, Defendant-Appellant.
No. 84-218.
Court of Appeal of Louisiana, Third Circuit.
April 10, 1985.
*1371 Sockrider & Bolin, D. Rex Anglin, Shreveport, for defendant-appellant.
Monty L. Doggett, Natchitoches, for plaintiff-appellee.
Before GUIDRY, LABORDE and YELVERTON, JJ.
LABORDE, Judge.
This matter is before the Court on appeal by Mrs. Carol Carter Slaughter (now Mrs. Carol Carter Slaughter DeBlieux, by remarriage), hereinafter referred to as Mrs. Slaughter, in which she seeks reversal of the trial court's decision to modify a child custody decree. The trial court removed sole custody of the parties' two minor children from Mrs. Slaughter, and granted sole custody to appellee Mr. Slaughter. We affirm.
On July 6, 1982, Mr. and Mrs. Slaughter entered into a consent judgment wherein Mrs. Slaughter was awarded permanent care, custody and control of their two minor children, Raymon O. Slaughter, Jr., now age 12, and Johnathan Heath Slaughter, now age 9, and $1,200 per month for child support. This judgment remained unchallenged until February 10, 1983, when Mr. Slaughter asked for change of custody and termination of child support payments or, in the alternative, either reduction of child support payments or joint custody with termination of child support payments. After a full hearing consisting of four days of testimony, the trial judge granted permanent custody of both children to Mr. Slaughter with visitation rights to Mrs. Slaughter and terminated the child support payments. Mrs. Slaughter appeals, claiming that the trial court abused its discretion in changing custody and terminating child support or, in the alternative, that the court committed legal error by not finding joint custody to be in the best interest of the children.

*1372 JOINT CUSTODY
Mrs. Slaughter contends that the trial judge misapplied the applicable laws concerning joint custody. She cites a statement by the trial judge made during the hearing that "[t]he law provides that joint custody can be done when parties agree to it and request it of the Court. The Court can't order it ..."
La.Civ.Code art. 146 states that:
"[C]ustody shall be awarded in the following order of preference, according to the best interest of the children:
(1) To both parents jointly....
(2) To either parent....
(3) If to neither parent, to the person in whose home the child has been living in a wholesome and stable environment.
(4) To any other person or persons deemed by the court to be suitable and able to provide an adequate and stable environment."
La.Civ.Code art. 146(A). La.Civ.Code art. 157 requires that all cases for change of custody apply article 146 and article 146 requires that any custody award shall be based on the best interest of the children.
During the hearing, the trial judge did misstate the law concerning custody awards. However, in brief, Mrs. Slaughter completely overlooks the trial judge's "Reasons for Judgment." He correctly states the law on at least four separate occasions. It is clear that the trial judge was able to first, review the law before submitting his ruling and second, correctly apply that law. The trial judge based his ruling in this case on the sole criterion applicable in change of custody cases: the best interest of the children.
Mrs. Slaughter also contends the trial court erred in awarding sole custody to Mr. Slaughter because joint custody is in the children's best interest. It is established as a rebuttable presumption that joint custody arrangements would lie in the best interest of the children. La.Civ.Code art. 146(C). This presumption may be rebutted upon a proper showing by the party requesting sole custody that a different arrangement is in the children's best interest. La.Civ.Code art. 146(A)(2).
In this case, each party requested joint custody only as an alternative. Both Mr. and Mrs. Slaughter initially prayed for sole custody. Therefore, each bore a burden of proving that joint custody was not in the best interest of the children. Evidence presented by both parties convinced the trial judge not to grant joint custody. Mrs. Slaughter testified that she and her former husband "do not communicate at all unless it is absolutely necessary." Mr. Slaughter stated that he would be "very disappointed if [joint custody] was the decision." Even Mrs. Slaughter's attorney agreed that, "joint custody would never work in this situation." These statements and evidence that, during their marriage, disagreements between Mr. and Mrs. Slaughter often resulted in physical violence were enough to prove that joint custody was not a viable alternative.
Conceding the great weight given a trial judge's decision in a custody matter, Hanks v. Hanks, 458 So.2d 617, 618 (La. App. 3d Cir.1984), we find his decision to refuse joint custody is not manifestly erroneous.

SOLE CUSTODY TO MR. SLAUGHTER
Upon rebutting the presumption for joint custody, the trial judge concluded that sole custody to Mr. Slaughter was in the best interest of the children. Mrs. Slaughter alleges that the trial judge's ruling is in error becauseit is based on factual determinations that are manifestly erroneous.
The standard for appellate review of facts in civil cases is fully explained in Canter v. Koehring, 283 So.2d 716 (La. 1973).
"When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions *1373 of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court's better capacity to evaluate live witnesses (as compared with the appellate court's access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts."
Id. at 724 (citations omitted). Therefore, this court will not reverse the trial judge's factual conclusions unless it appears from the record that they are clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978).
Review of the record reveals a substantial amount of testimony for and against both parties. Much of the testimony is in direct contradiction with other testimony. The trial judge sets forth, in his excellent reasons for judgment, his finding as to the credibility of the witnesses. His conclusions are neither unreasonable nor clearly wrong. We find no error on behalf of the trial judge.
The decision to remove custody of the children from Mrs. Slaughter and to award their custody to Mr. Slaughter was not error. La.Civ.Code art. 146(C) requires that the best interest of the children be determined by consideration of twelve factors. In our view, the record shows that the parties compared equally in all but a few factors. First, Mr. Slaughter is better able to provide the children with food, clothing, medical care and other material needs. Second, the evidence shows that Mr. Slaughter has made a much greater effort than Mrs. Slaughter in planning his life around the needs, desires, and the general best interest of the children. Third and the main reason the trial judge changed custodyMrs. Slaughter is much more likely to lose control of her temper than Mr. Slaughter. Her inability to control her temper has not been limited to mere instances of sulking or verbal abuse; she has exhibited extremely violent behavior in the past, resulting in immense physical danger to those around her. The potential for physical, as well as mental, harm to the children is substantial. This court will not list in detail the numerous and potentially embarrassing episodes that substantiate this finding of fact, but rather we quote the trial judge who said, "The evidence indicates that Mrs. Slaughter has a long history of episodes of uncontrollable rage which have culminated in physical violence." Based upon the trial judge's reasons for judgment, we find it is in the best interest of the children to remove custody from Mrs. Slaughter and to award custody to Mr. Slaughter.
Finally, due to the judgment awarding Mr. Slaughter custody of the children, we find that the child support payments were properly terminated.
For the above and foregoing reasons, the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.