433 So.2d 364 (1983)
Rhonda Farish MARTIN, Plaintiff-Appellant,
v.
Brett W. MARTIN, Defendant-Appellee.
No. 83-38.
Court of Appeal of Louisiana, Third Circuit.
May 25, 1983.
Dissenting Opinion June 1, 1983.
Rehearing Denied July 14, 1983.
Michael G. Sullivan, Lafayette, for plaintiff-appellant.
Peter C. Piccione, Sr., Lafayette, for defendant-appellee.
*365 Before DOUCET, YELVERTON and KNOLL, JJ.
KNOLL, Judge.
Rhonda Farish Martin appeals from a judgment in favor of her husband dismissing her rule for past due child support payments and attorney fees. We reverse.
The appellant filed a rule against her husband, Brett W. Martin, to make past due child support payments executory. In connection with this rule Mrs. Martin sought legal interest, reasonable attorney fees of $500, and punishment of her husband for contempt. Mr. Martin answered the rule denying that he owed any child support arrearages.
Brett W. Martin and Rhonda Farish Martin were judicially separated on November 24, 1981. In the judgment of separation Mrs. Martin was awarded the custody of their three minor children and Mr. Martin was ordered to pay child support in the amount of $200 per month per child, for a total of $600 per month.
Mr. Martin fulfilled his child support obligations until April, 1982. With the exception of a partial payment of $200 in April, appellant's husband has made no child support payments to her for April, May, and June, 1982. These arrearages totaled $1,600.
Mrs. Martin's specifications of error present two issues:
(1) Whether the trial erred in finding that plaintiff-appellant made no effort to regain custody of the children and that she had the opportunity to regain custody in the month following her release, but failed to do so.
(2) Whether the trial court erred in holding that plaintiff-appellant's failure to act amounted to a tacit agreement between the husband and wife which modified the child support judgment.
Mrs. Martin's rule for past due child support was submitted to the trial court on stipulated facts. These stipulations indicate that on or about March 27, 1982, Brett Martin admitted Rhonda Martin on an involuntary basis to Cypress Hospital. At the time of Mrs. Martin's admission to the hospital Mr. Martin took physical custody of their three children and placed them in the homes of two nonrelated families. The children remained in these homes throughout Mrs. Martin's one month hospitalization, and, at the time of the trial of this rule, they had not returned to the home of either parent. During the months of April, May, and June, 1982, Mr. Martin made substantial contributions to the families who were providing his children care and maintenance.
The crux of appellant's assignments of error is whether her right to receive child support payments under the November 24, 1981 judgment was modified during the months that her children were not in her physical custody.
A father discharges his obligations under a separation decree to support his minor children only by making payment to the mother. Simon v. Calvert, 289 So.2d 567 (La.App. 3rd Cir.1974), writ denied 293 So.2d 179 (La.1974); Thompson v. Courville, 372 So.2d 579 (La.App. 3rd Cir.1979); Bertrand v. Bertrand, 401 So.2d 552 (La.App. 3rd Cir.1981). The record does not reflect that Mrs. Martin directed her husband to make payments to other parties on the children's behalf nor does it show that she waived her rights to receive these payments. Accordingly Mr. Martin is not entitled to a credit to his child support payments for the amounts he has expended when his children were placed with families during and subsequent to his wife's hospitalization.
Therefore, Mr. Martin's position rests squarely on the trial court's finding that appellant's failure to regain physical custody of her children after the termination of her hospitalization amounted to a tacit agreement between her and her husband which modified the child support judgment.
A child support award may not be modified, reduced, or terminated unless: (1) proper suit is brought; (2) by operation of law; or (3) the parties enter into a conventional *366 obligation suspending the support award. Halcomb v. Halcomb, 352 So.2d 1013 (La.1977); Dubroc v. Dubroc, 388 So.2d 377 (La.1980); Ramos v. Ramos, 425 So.2d 989 (La.App. 5th Cir.1983). Although none of the conditions are applicable to the case at bar, the trial court's decision is premised on a finding that the parents entered into a conventional obligation to modify the child support decree.
In Ramos, supra, the court stated:
"In order for an agreement between parents to modify the amount of child support to be enforceable, the parties must clearly agree to that modification, and the burden of proof is on the party relying on the agreement to relieve him of his obligation." (emphasis added)
In his reasons for judgment the trial judge stated: "Although Mrs. Martin was released from Cypress [Hospital] after one month, she made no effort to regain custody of the children." A review of the record fails to reveal any evidence to support the trial court's factual determination of this question. In fact, to the contrary, the record indicates that within a month-and-a-half after her release from the hospital Mrs. Martin initiated this rule to collect child support arrearages. There is no evidence to show that Mrs. Martin clearly agreed to any modification of the child support judgment.
We hold that Mr. Martin has failed to carry his burden of proving that his wife clearly agreed to a modification concerning his child support obligations. Dubroc, supra; Ramos, supra.

ATTORNEY FEES
Although appellant stipulated that her husband should not be punished for contempt, she, nonetheless, has asserted her claim for the award of $500 attorney's fees for the prosecution of her claim for child support arrearages. LSA-R.S. 9:305 provides:
"When the court renders judgment in an action to make past due alimony or child support executory, or in an action to enforce child visitation rights, except for good cause, the court shall award attorney fees and costs to the prevailing party."
This statute finds its roots in Newson v. Newson, 176 La. 699, 146 So. 473 (La.1933) and Gardner v. Gardner, 366 So.2d 1022 (La.App. 1st Cir.1978). That jurisprudence stands for the proposition that "alimony allowed should not be eaten up partially by attorney fees, and the child thereby deprived, in part, of the object and purpose of allotting it." The record amply supports a finding that during appellant's hospitalization and continuing through the months of May and June, 1982, Mr. Martin contributed substantial sums of money to the families who cared for his three children. Although he is not entitled to a credit against his child support arrearages for having made these payments, we hold that this is good cause, therefore an award of attorney fees is not appropriate in this instance.
For the foregoing reasons the judgment of the trial court is reversed and set aside. Accordingly, the decree is recast as follows and rendered:
IT IS ORDERED, ADJUDGED, AND DECREED that there be judgment herein in favor of Rhonda Farish Martin and against Brett W. Martin in the amount of $1600 together with legal interest from date of judicial demand until paid. All costs of the trial court and the costs of this appeal are assessed against the defendant, Brett W. Martin.
REVERSED AND RENDERED.
DOUCET, J., dissents and assigns reasons.
DOUCET, Judge, dissenting.
I respectfully dissent from the reversal of the trial court judgment both on the merits and on the grounds said reversal is in violation of La. Const. Art. 5 § 8(B).
Child support is not a pension plan for divorced spouses. Rather, it is premised upon custody and the accompanying expenses. The record reveals that the father adequately provided for his children during the appellant's incarceration at Cypress *367 Hospital, and that the mother voiced no objection to the arrangement. In fact, the father paid more toward his children's support during the mother's hospitalization than required by the custody decree. On the other hand, the record is void of any evidence that the mother contributed financially to the children's care by third parties. Furthermore, after her release from the hospital, Mrs. Martin made no immediate attempt to regain custody of the children. Under these circumstances, I believe the father discharged his duty of support.
La. Civil Code Art. 232 provides, "When the person who gives or receives alimony is replaced in such a situation that the one can no longer give, or that the other is no longer in need of it, in whole or in part, the discharge from or reduction of the alimony may be sued for and granted." In Halcomb v. Halcomb, 352 So.2d 1013 (La.1977) the Court stated that a contradictory motion is not the exclusive remedy for reducing, modifying or terminating a child support decree. In Dubroc v. Dubroc, 388 So.2d 377 (La.1980) the Supreme Court recognized that an agreement to suspend child support payments is valid if the parties clearly agree to the suspension of payments and such an agreement does not interrupt the child's maintenance or upbringing or otherwise work to his detriment. See also: Lachney v. Lachney, 399 So.2d 731 (La.App. 3rd Cir.1981). I cannot conclude that the trial judge was clearly wrong in finding an agreement between the parties satisfying the requisites for a conventional obligation and that such an agreement fostered the continued support and upbringing of the children. Furthermore, it should be noted that this is not a case of unilateral action by the husband to terminate child support payments.
For the reasons set forth above, I dissent.