440 So.2d 1365 (1983)
George Ferdinand BENTLEY, Jr., Defendant-in-RuleAppellant,
v.
Paula Daigrepont BENTLEY, Plaintiff-in-RuleAppellee.
No. 83-413.
Court of Appeal of Louisiana, Third Circuit.
November 9, 1983.
Writ Denied January 16, 1984.
*1366 Charles Brandt, Lafayette, for plaintiff-appellant.
Kenneth Cole, Lafayette, for defendant-appellee.
Before FORET, STOKER and YELVERTON, JJ.
STOKER, Judge.
In this appeal, our number 83-413, we consider the correctness of a judgment making past due child support payments executory. It is consolidated with appeal number 83-264 which is concerned with child custody. In two judgments signed on November 18, 1982, the trial court (1) awarded permanent custody of all four Bentley children to George F. Bentley, Jr., the plaintiff in the motion for change of custody, and (2) gave judgment for past due child support payments of $3,600 together with attorney's fees of $250 to Paula D. Bentley, plaintiff in the rule to make past due child support payments executory. Our decision on the issue of child custody, together with the procedural history of both the child custody and child support judgments, is reported in a separate opinion at 440 So.2d 1362 (La.App. 3rd Cir.1982).
Mr. Bentley appeals from the judgment rendered on November 18, 1982, making past due child support executory in the amount of $3,600 plus legal interest from the date of each payment together with attorney's fees in the amount of $250. The child support payments were ordered in a judgment rendered on May 5, 1981, in which the trial court awarded $300 per month in child support payments to Paula D. Bentley.
We reverse.

BACKGROUND RELATIVE TO CHILD SUPPORT JUDGMENT
In order to follow the issues in this matter it is necessary to review some of the previous history. The judgment of May 5, 1981, was an amendment of a prior judgment in which child support payments had been set at $400 per month. On April 15, 1981, the trial court handed down written reasons for judgment in which custody of the four children was split and the child support amount was amended. (See record in the companion case, number 83-264, at transcript pages 126-129.) The rulings in the April 15, 1981 reasons for judgment were embodied in the judgment of May 5, 1981. In those reasons for judgment the trial court explained that the splitting of custody "is to be temporary in nature, to last for a period of six (6) months from the date of this judgment." Although the trial court's reasons used the words "from the date of this judgment," the formal judgment of May 5, 1981, makes the custody arrangement run for six months from that date.
*1367 The trial court provided in its reasons for judgment that during the six month period the parties and their children undergo family counseling as a condition of the temporary arrangement.
As an incident of the temporary custody arrangement the trial court provided in its reasons for judgment what it referred to as an amendment relative to child support payments mentioned above. The amendment was made in the following language:
"The judgment setting child support being paid by George Bentley is hereby amended from FOUR HUNDRED AND NO/100 ($400.00) DOLLARS per month to THREE HUNDRED AND NO/100 ($300.00) DOLLARS per month during the six month period of temporary custody established herein. The court will reset child support at that time if it becomes necessary."
It is not clear whether the amendment was intended to be limited to the "six month period of temporary custody" at which time the amount would revert to $400. The question is clouded by the fact that in its reasons the trial court stated it would reset the child support payments at the end of the six months period "if it becomes necessary".
The judgment of May 5, 1981, which embodied the reasons for judgment of April 15, 1981, did not clarify the question. After two paragraphs which effect the split custody award, the following order appears:
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the above custody arrangements are to be temporary in nature and are to last for a period of six (6) months from the date of the judgment."
Further in the judgment the following provision setting the child support payments at $300 per month appears:
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that GEORGE FERDINAND BENTLEY, JR., be ordered to pay child support in the amount of THREE HUNDRED AND NO/00 ($300.00) DOLLARS per month to PAULA DAIGREPONT BENTLEY during the six month period."
The prior judgment providing for child support is not mentioned in the May 5, 1981, judgment. The child support provision of the May 5, 1981, judgment would terminate under its own terms.

EVENTS SUBSEQUENT TO MAY 5, 1981
In compliance with the May 5, 1981 judgment Mr. Bentley paid $300 per month in child support to Paula Bentley for a six month period. He then ceased making payments. The two children awarded to Mr. Bentley remained with him and the two children awarded to Mrs. Bentley remained with her.
On June 15, 1982, Mrs. Bentley filed a rule to make executory past due child support payments, for contempt, attorney's fees, court costs and for other relief. She based her rule on the May 5, 1981 judgment and the fact that Mr. Bentley had made no payments since November 1981, a total of seven months. She prayed that the arrearage in child support be made executory for the seven months period (December 1981 through June 1982) in the amount of $2,100. In the alternative, Paula Bentley alleged that if the judgment providing child support provided in the May 5, 1981, judgment expired six months from its date, the prior judgment was thereby reinstated. In such event she alleged she was entitled to the seven month arrearage in the amount of $400 per month, that is, $2,800.
Mrs. Bentley's rule was heard on June 21, 1982, evidence was adduced and the trial court took the matter under advisement. On November 16, 1982, the trial judge handed down written reasons for judgment and the formal judgment was signed on November 18, 1982.

THE JUDGMENT OF NOVEMBER 18, 1982
The appeal of George F. Bentley, Jr. with which we are concerned here was taken *1368 from the judgment of November 18, 1982. That judgment made past due child support payments executory in the amount of $3,600. The court also awarded Mrs. Bentley $250 in attorney's fees.
The trial court's reasons for judgment handed down on November 9, 1982, are concerned almost entirely with the question of custody and the court's decision to give Mr. Bentley custody of all the children. The trial court made no allusion to the problem relating to the expiration of child support judgment of May 5, 1981. Evidently, the court concluded it remained in effect because the court fixed the amount due at $3,600. At the rate of $300 per month this would cover the amount ($2,100) due for seven months plus the amount ($1,500) due for the following five months.
The trial court gave no explanation for its conclusions in the child support matter. We conclude that the trial court erred.
On the basis of the expressions contained in the reasons for judgment given by the trial court on April 15, 1981, we may speculate as to the trial judge's intentions. However, we do not find any ambiguity in the provision in the May 5, 1981 judgment relating to child support. Taking this provision by itself, it clearly provides that Mr. Bentley should pay child support in the amount of $300 per month "during the six month period of temporary custody". At the conclusion of that period of six months no action was taken to continue or rearrange the custody provision. Regardless of what the trial court may have intended, it is our opinion that at the conclusion of the six month period there was no provision in effect requiring Mr. Bentley to pay any child support, and, in fact, there was no provision in effect for custody.
In the alternative Mrs. Bentley prayed in her rule filed June 15, 1982, that should the provision for $300 in monthly alimony be deemed to have expired after the period of six months, then the prior judgment provision calling for monthly payments of $400 per month should be deemed to have been reinstated. The arrearage should then be computed on the basis of $400 per month for seven months.
As we read the judgment of May 5, 1981, the award of custody splitting the custody between the two parents is unequivocable, modified only by a following separate paragraph providing that the arrangement should be temporary and last for six months. The language from the May 5, 1981, judgment referred to reads:
"IT IS ORDERED, ADJUDGED AND DECREED that the control, care, and custody of LARA BENTLEY and ANNE BENTLEY be vested in their father, GEORGE BENTLEY, JR.
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the control, care, and custody of GEORGE F. BENTLEY, III and KATHERINE BENTLEY, is to remain with their mother, PAULA DAIGREPONT BENTLEY.
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the above custody arrangements are to be temporary in nature and are to last for a period of six (6) months from the date of the judgment."
This language is clear and unambiguous. The prior judgment giving custody of all children to Mrs. Bentley was replaced by the May 5, 1981, judgment. When the latter judgment expired by its own terms after six months, there was nothing to be reinstated. Therefore, neither parent had legal custody of any of the children. Physically, the children remained with the respective parents to whom they had been given on May 5, 1981. Such physical custody was not illegal, it was simply not legally provided for.

CONCLUSION
We conclude that six months after May 5, 1981, there was in force neither an award of custody to either parent nor any provision for payment of child support to Mrs. Bentley. Had the matter been brought to the *1369 trial court's attention prior to the expiration of the six month period, the trial court could have acted on it and could have made some provision to cover the situation until final disposition of the custody was made. This was not done and the hiatus resulted. Had the matter been brought to the trial court's attention after the six months, the court could have made provision from that time forward. That is not what plaintiff in rule did. Plaintiff in rule simply sought to have alleged past due child support made executory.
For the reasons we have given the judgment of the trial court signed on November 18, 1982, making past due child support executory in the amount of $3,600 and awarding attorney's fees and costs, is reversed.
The costs of this rule accrued in the trial court and on appeal are assessed to plaintiff in rule, Paula Daigrepont Bentley.
REVERSED.