KING, Judge.
The issue presented by this appeal is whether or not a former husband can recover attorney’s fees and costs from his *1105 former wife after successfully defending a rule brought by her to make past due child support executory.
Plaintiff, George P. Bentley, Jr., brought a rule against his' former wife, Paula Bentley, to recover attorney’s fees and costs he incurred in successfully defending a rule previously filed by Mrs. Bentley seeking to make past due child support executory. The trial court denied Mr. Bentley’s request for attorney’s fees and costs. We affirm.
FACTS
In order to properly understand the issues involved, a procedural history of the ease is necessary. On April 15, 1981, Mrs. Bentley was awarded custody of all four of their children and Mr. Bentley was ordered to pay $400.00 per month for child support. On May 5, 1981, the trial court signed a judgment transferring custody of two of the children to Mr. Bentley for a temporary six month period. At that time Mr. Bentley’s child support payments to Mrs. Bentley were also reduced to $300.00 per month during the six month period. At the end of the six month period Mr. Bentley retained custody of the two children that had been living with him under the judgment giving him temporary custody. He also at that time ceased paying any monthly child support payments to Mrs. Bentley. On June 15, 1982, Mrs. Bentley filed a rule to make executory unpaid child support payments of $2,100.00 (7 months X $300.00 per month). Alternatively, Mrs. Bentley contended that if no child support payments of $300.00 per month were owed under the May 5, 1981 judgment, that the original child support judgment of $400.00 per month, under the April 15, 1981 judgment, went back into effect and that the amount of unpaid child support payments that should be made executory was $2,800.00 (7 months X $400.00 per month). The trial judge heard the rule and took the matter under advisement. Five months later a decision on the rule was rendered and the trial judge signed a judgment making exec-utory $3,600.00 (12 months x $300.00 per month) for back due child support as of the date of signing of the judgment. The court also awarded Mrs. Bentley $250.00 in attorney’s fees and costs.
Mr. Bentley appealed the trial court’s ruling and this court reversed the judgment against him. Bentley v. Bentley, 440 So.2d 1365 (La.App. 3rd Cir.1983), writ denied 444 So.2d 125 (La.1984). Judge Stoker, writing as the organ of the court, held that the temporary six month custody and child support judgment made no provision for the payment of child support once the six month period elapsed and that the original child support judgment could not then be resurrected. For this reason, this court held that once the six month period expired Mr. Bentley was no longer under a court order to pay child support until another rule was filed to set new child support payments. Accordingly, the judgment making executory $3,600.00 in child support payments and awarding Mrs. Bentley attorney’s fees and costs was reversed. Mrs. Bentley then applied for a writ to the Louisiana Supreme Court, which was denied. Ten days later, Mr. Bentley filed this rule in the trial court seeking attorney’s fees under LSA-R.S. 9:305. The trial court denied Mr. Bentley judgment and it is from this ruling that he appeals.
Mr. Bentley asserts that the trial court erred in ruling that:
(1) LSA-R.S. 9:305 does not authorize attorney’s fees and costs for the successful defense of a rule to make past due child support payments executory;
(2) Even if LSA-R.S. 9:305 allows attorney’s fees and costs in cases such as this, there was good cause to deny him attorney’s fees and costs; and
(3) Irregardless of the merits of this case, he was precluded from recovering attorney’s fees because his rule for attorney’s fees was untimely.
LSA-R.S. 9:305 reads as follows:
“When the court renders judgment in an action to make past due alimony or child support executory, or in an action to enforce child visitation rights, except for good cause, the court shall award *1106 attorney fees and costs to the prevailing party.”
We find that the statute clearly provides for the recovery of attorney’s fees and costs to the prevailing party where judgment is rendered in an action seeking to make child support executory. Cf. Martin v. Martin, 433 So.2d 364 (La.App. 3rd Cir. 1983) and cases cited therein. Even though the statute applies to the successful defense of a rule to make child support payments executory the trial court is still vested with the discretion to deny attorney’s fees and costs for good cause. LSA-R.S. 9:305; Martin v. Martin, supra. Under the circumstances of this case, we hold that the trial court was correct in denying attorney’s fees and costs as its denial was supported by good cause.
Mrs. Bentley was acting in good faith and with the children’s best interest in mind when she filed the rule to make the child support payments executory. At the time she filed the rule, Mrs. Bentley reasonably believed that Mr. Bentley’s failure to make monthly child support payments, once the six month temporary custody period ended, was in violation of the May 5, 1981 judgment. The reasonableness of Mrs. Bentley’s belief is demonstrated by the fact that the trial court agreed with her and granted a judgment making executory the back due child support payments for the months in question. Although we reversed the trial court’s ruling and held that the effect of the May 5, 1981 judgment ended at the conclusion of the six month period of temporary custody, we did recognize the legal confusion caused by the trial judge’s written reasons rendered at the time of the granting of the May 5, 1981 judgment when he stated that:
“The judgment setting child support being paid by George Bentley is hereby amended from FOUR HUNDRED AND NO/100 ($400.00) DOLLARS per month to THREE HUNDRED AND NO/100 ($300.00) DOLLARS per month during the six month period of temporary custody established herein. The court will reset child support at that time if it becomes necessary.”
As we noted in our decision reversing the trial court’s ruling:
“It is not clear whether the amendment was intended to be limited to the ‘six month period of temporary custody’ at which time the amount would revert to $400. The question is clouded by the fact that in its reasons the trial court stated it would reset the child support payments at the end of the six month period ‘if it becomes necessary.’ ” Bentley v. Bentley, 440 So.2d 1365, at page 1367.
Since our consideration of appellant’s first two specifications of error disposes of the issues in this appeal it is unnecessary for us to consider the remaining specification of error.
For the foregoing reasons we find that the trial court was correct in finding that there was good cause for denying Mr. Bentley’s request, as the prevailing party in an action to make child support exec-utory, for attorney’s fees and costs. The judgment below is affirmed. All costs are to be borne by the appellant.
AFFIRMED.