503 So.2d 670 (1987)
Larry LaBOVE, Plaintiff-Appellant,
v.
Carolyn LaBOVE, Defendant-Appellee.
No. 86-242.
Court of Appeal of Louisiana, Third Circuit.
March 4, 1987.
*671 Jones, Jones & Alexander, Jennifer Jones Bercier, Cameron, La., for plaintiff-appellant.
Scofield, Bergstedt, Gerard, Mount & Veron, P.C., J. Michael Veron, Lake Charles, La., for defendant-appellee.
Before DOMENGEAUX, FORET and KNOLL, JJ.
KNOLL, Judge.
This appeal concerns the trial court's award of $3400 to the defendant-appellee, Carolyn LaBove McDaniels, for past due child support. The plaintiff-appellant, Larry LaBove, presented the following assignments of error: (1) the trial court erred in finding that there was no agreement between the parties to modify the terms of the child support award from an in globo award of support to an award which represented a pro rata amount of $100 per child per month; (2) the trial court erred in finding that Mrs. McDaniel did not voluntarily relinquish custody of Brady LaBove to his father in February of 1984, thereby waiving her right to child support; (3) the trial court erred in finding that Mr. LaBove was not entitled to credit for funds paid directly to Brady LaBove for his support following the time Brady no longer lived with his custodial parent, Mrs. McDaniel; (4) the trial court erred in finding that Mr. LaBove was not entitled to a credit against any arrearages for overpayment of child support under the terms of the divorce judgment; and, (5) the trial court erred in finding that Mrs. McDaniel was entitled to future child support for Brady LaBove, since the child no longer resided with her.
The issues raised on appeal were thoroughly covered by the learned trial judge in his excellent written reasons for judgment. After carefully reviewing the record, we find the trial court's determinations and the jurisprudence it relied upon are well supported by the record. Therefore, we adopt the trial court's reasons for judgment as our opinion which is set forth herein:
"Larry LaBove and Carolyn McDaniel were divorced on December 8, 1977. The *672 judgment of divorce granted the custody of the three children, Recia, Scott, and Brady to Mrs. McDaniel subject to reasonable visitation rights of Mr. LaBove. Mr. LaBove was ordered to pay to Mrs. McDaniel the sum of $200.00 per month, plus all medical, dental and hospital bills, plus the clothing for the children as child support.
"This suit arises as a result of Mr. LaBove's failure to pay child support. Mrs. McDaniel alleges that Mr. LaBove has failed to pay child support since February 1, 1984 and that he is in arrears in the amount of $3,550.00.
"When this suit came up for hearing, the two older children Recia and Scott had reached the age of majority, however, the third child, Brady, remains a minor.
"At the trial of this case testimony revealed that after the judgment of divorce was rendered, Mr. LaBove paid child support in the sum of $300.00 per month to Mrs. McDaniel. After Recia attained the age of majority, Mr. LaBove, reduced these payments to $200.00, then when Scott reached majority, Mr. LaBove paid $100.00 per month. Later, Mr. LaBove discontinued the payments of $100.00, but provided the child, Brady with funds when Brady requested money. The evidence showed that Mr. LaBove gave Brady a total of $150.00 during the months of May and June of 1985.
"Mr. LaBove contends that Brady lived with him or his mother (Brady's grandmother) for a short time in 1985 and that he provided for his needs, therefore he should not be required to pay alimony for that time. As a defense to the rule for past due child support, Mr. Labove contends that it was clearly understood between him and Mrs. McDaniel that the in globo amount of child support reflected a specific amount for each child, and, therefore, the entire amount of the in globo award cannot be claimed by Mrs. McDaniel now, because two of the children have reached the age of majority. Secondly, Mr. LaBove contends that Mrs. McDaniel voluntarily relinquished custody of Brady to him, thus giving up her right to collect child support for that child.
"The issues to be determined by this Court are whether or not the parties consented to a reduction in child support payments; whether or not the in globo amount of child support reflected an amount for each child that could be reduced when each child reached majority; whether or not Mr. LaBove should be allowed credit for the time that Brady resided with him or his mother; whether or not Mr. LaBove should be given credit for payments made directly to the minor child, Brady, instead of being paid to Mrs. McDaniel; and whether or not the $200.00 amount of child support should be reduced.

THE LAW
"As a general rule, an alimony or child support judgment remains in full force and effect in favor of the party to whom it is awarded until the party ordered to pay it has the judgment modified or terminated by the court. Gautreaux v. Gautreaux, 382 So.2d 996 (La.App. 1 Cir., 1980), Halcomb v. Halcomb, 352 So.2d 1013 (La.1977). This rule applies even if the child no longer lives with the custodial parent.
"The law does provide, though, that the parties may enter into a conventional obligation suspending the support award, but if an agreement between the parties to modify the amount of child support is to be enforceable, it must be shown that the parties clearly agreed to that modification, and the burden of proof is on the party relying on the agreement to relieve him of his obligation. Ramos v. Ramos, 425 So.2d 989 (La.App. 5th Cir.1983).
"In the case at hand, Mrs. McDaniel testified that she never agreed to the adjustments made by Mr. LaBove of the child support payments, nor did she excuse him from paying child support, but she would take whatever amounts Mr. LaBove would give to her.
"Mr. LaBove argues that since Mrs. McDaniel accepted the payments and *673 made no other demands on him with regard thereto, then she acquiesced in the amounts tendered, even when the payments were reduced as each child reached majority.
"The law is clear that failure to make periodic demands for child support does not stop a wife from claiming the accrued amount. Vaughn v. Vaughn [Vaughan v. Vaughan], 415 So.2d 483 (La.App. 1st Cir.1982); C.C.P. Art. 3945. So, Mrs. McDaniel's failure to demand the proper amount of child support is of no moment.
"In addition, the mere acquiescence to a lesser amount of support never amounts to a waiver of support. Dubroc v. Dubroc, 388 So.2d 377 (La.1980).
"The case of Bagby v. Dillon, 434 So.2d 654 (La.App. 3 Cir.1983), [writ denied, 440 So.2d 150 (La.1983)], is not controlling because it is clearly distinguishable. In Bagby, the court held that alimony provisions in a judgment, though unambiguous, could be altered by parol evidence. The evidence there was to the effect that, although the full amount was denominated as alimony, part thereof was understood to be child support, according to the private agreement made by the parties; income tax considerations were the reason for that arrangement.
"There is no evidence here to substantiate the fact that the parties agreed to a modification of the child support judgment, therefore, the court is of the opinion that the defendant-in-rule failed to maintain his burden of proof that an agreement did, in fact, exist to warrant a reduction in the amount of child support paid to Mrs. McDaniel.
"The next issue to be determined by this court is whether or not the in globo amount of child support reflected a specific amount for each child that could be reduced when each child reached majority.
"With respect to Mr. LaBove's termination of child support payments to Mrs. McDaniel for the benefit of both Recia and Scott, the court recognizes that LSA-R.S. 9:309 provides in pertinent part:
"`When an order or judgment awards child support in globo for two or more children, said child support award shall terminate automatically and without any action by the obligor to reduce, modify, or terminate the award when the youngest child for whose benefit the award was made attains the age of majority.' (emphasis added)
"Other jurisprudence has recognized that where there is an in globo award of child support for more than one child, the father is not entitled, without seeking court modification of the judgment, to reduce the child support payments on a pro-rata basis even where the child support is no longer due for one of the children because of majority or other reasons. Bagby v. Dillon, [supra]; Gautreaux v. Gautreaux, [supra]; Blakenship v. Blakenship, 382 So.2d 982 (La.App. 1st Cir.1980); Wisdom v. Wisdom, 356 So.2d 1111 (La.App. 2nd Cir.1978). The court is of the opinion that the rule of law set forth in the cases above precisely fit the facts of the case at hand. The child support which was set forth in the Judgment of Divorce for the plaintiff and defendant reflected a specific amount of support for all children. It did not set forth a specific amount for each child, and, as such, it could not be automatically reduced by Mr. LaBove as each child reached the age of majority.
"The third issue to be determined is whether or not credit should be given to Mr. LaBove for the time that Brady resided with him or Mr. LaBove's mother (i.e. Brady's grandmother). The evidence showed that Mrs. McDaniel asked Mr. LaBove to allow Brady to live with him for awhile. Brady lived with his father and grandmother for a short time, approximately three or four weeks. Brady, then, lived with his older sister, who testified that Mrs. McDaniel took care of Brady's needs.
"The court finds no indication that Mrs. McDaniel voluntarily relinquished the custody of Brady to his father. She merely asked that Brady stay with Mr. *674 LaBove because Brady did not want to move to Lake Charles with her. Although Brady spent a short amount of time with his father and/or grandmother, the court believes that an equitable credit is due Mr. LaBove. Henson v. Henson, 350 So.2d 979 (La.App. 2nd Cir.1977). An amount of $150.00 is a reasonable amount to be credited to Mr. LaBove.
"The next issue to be determined is whether credit should be given to Mr. LaBove for payments made directly to Brady. In this case, the judgment of divorce stated that Mr. LaBove was to pay unto Mrs. McDaniel the sum of $200.00 per month as child support, plus all medical expenses. The discharge of this obligation to support his children can only be made by making payment directly to the mother. Martin v. Martin, 433 So.2d 364 (La. App. 3rd Cir.1983); Bertrand v. Bertrand, 401 So.2d 552 (La.App. 3rd Cir. 1981). In accordance with the jurisprudence, since Mr. LaBove did not make payments directly to Mrs. McDaniel, he cannot be given credit for the amounts given to Brady.
"The last issue to be determined by the court is whether or not the $200.00 amount of child support should be reduced. Once an amount of child support has been set by the courts, the party requesting a reduction must show a change in circumstances in either party's financial position or in the child's needs to have the judgment modified. The party requesting the modification has the burden of proof. The court finds that Mr. LaBove's circumstances have changed in two significant ways. First, he has remarried and must now support his wife who does not work. Second, the evidence showed that Mr. LaBove has had a marked reduction in income. The child support payments should be reduced from $200.00 per month to $150.00 per month effective as of the day of filing this rule."
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to appellant, Larry LaBove.
AFFIRMED.