DOUCET, Judge.
Lionel Hernandez, Jr. appeals from a judgment in favor of his ex-wife upholding her claim for past due child support payments and attorney’s fees.
Lionel Hernandez, Jr. and Donna Taylor Sillis were divorced on August 13, 1980. The judgment awarded custody of the minor child of the marriage to the mother, Donna Sillis, and ordered the father, Lionel Hernandez, Jr., to pay child support in the amount of $200 per month.
On April 8, 1991, in response to a Rule for Contempt and Motion to Make Judgment Executory filed by plaintiff, Donna Taylor Sillis, a hearing was conducted. In her petition, Mrs. Sillis sought the balance due from partial child support payments made beginning in 1985. According to the testimony in the record, a bench trial had been held in 1985 to resolve a custody dispute between plaintiff and defendant. Mr. Hernandez testified that Reasons for Judgment had been issued from the 1985 hearing by the trial judge in which joint custody was awarded to the parents and primary domiciliary parentage was awarded to the mother during the school year and to the father for June, July and August. Defendant further stated that custody plans were submitted by both parties stipulating to the custody modifications as well as stating that child support payments would cease for those months in which the father was awarded domiciliary parentage. However, the record reflects that neither the judgment nor the custody plan was signed. Mr. Hernandez reduced his support payments after the 1985 hearing.
In his judgment signed on April 25,1991, the trial judge ruled against the defendant, Lionel Hernandez, Jr., finding defendant to be past due on his support in the amount of $4,630.00 plus interest and ordering defendant to pay attorney’s fees of $200 to plaintiff. Defendant appeals.
The issue presented for our consideration is whether the trial court erred in finding that Mrs. Sillis was entitled to receive the child support payments awarded in the 1980 decree.
Petitioner Hernandez argues that Mrs. Sillis does not have a right to receive child support payments for the months of the year in which defendant was domiciliary parent and had physical custody of the minor child in accordance with the alleged 1985 custody modification judgment.
In his reasons for judgment orally assigned, the trial judge determined that there must be a judgment which specifically states that child support payments shall be discontinued during the months in which the paying parent is the domiciliary parent. *291 He found that the Reasons for Judgment issued at the 1985 hearing did not contain a judicial directive ordering that the child support payments cease or be reduced. The trial judge ordered Mr. Hernandez to pay the child support arrearages.
Ramos v. Ramos, 425 So.2d 989, 991 (La.App. 5th Cir.1983) is directly on point.
The fact that a child is no longer living with the mother does not alter the rule that a judgment for child support remains in full force and effect in favor of the party to whom it was awarded, until the party liable applies to the court for modification, or unless the judgment is modified by conventional obligation. Bertrand v. Bertrand, 401 So.2d 552 (La.App. 3d Cir.1981); Dubroc v. Dubroc, supra.
In the case of Martin v. Martin, 433 So.2d 364 (La.App. 3rd Cir.1983), we held the following:
A child support award may not be modified, reduced, or terminated unless: (1) proper suit is brought; (2) by operation of law; or (3) the parties enter into a conventional obligation suspending the support award. Halcomb v. Halcomb, 352 So.2d 1013 (La.1977); Dubroc v. Dubroc, 388 So.2d 377 (La.1980); Ramos v. Ramos, 425 So.2d 989 (La.App. 5th Cir. 1983).
Id. at 365-366.
The first modification method stated in Martin v. Martin, supra, is inapplicable to the case herein. As to the second method, we agree with the trial judge’s determination. Mr. Hernandez has failed to carry his burden of proving that a 1985 decree or any other decree existed which modified or terminated the 1980 support award judgment from our review of the record. As to the third method, the fact that Mrs. Sillis may have allowed the minor child to be cared for by Mr. Hernandez in the summer months since 1985, does not amount to a suspension of the 1980 support award.
Mr. Hernandez did attempt to establish that Mrs. Sillis agreed to termination of the child support payments during the time in which the minor child was living with him. He testified that the supplemental plan he allegedly received from her lawyer stated that payments would be from September to June. He declared that Mrs. Sillis told him that it would not be a problem.
Mrs. Sillis, on the other hand, denied that she authorized her attorney to submit a plan wherein she would only receive child support when she had the child. Mrs. Sillis testified that she has never agreed to any amount less than $200 per month.
In order for an agreement between parents to modify the amount of child support to be enforceable, the parties must clearly agree to that modification, and the burden of proof is on the party relying on the agreement to relieve him of his obligation. Williams v. Williams, 405 So.2d 1277 (La.App. 4th Cir.1981).
Ramos, supra, at 991.
After reviewing the record in its entirety, we find that Mr. Hernandez has failed to carry his burden of proving clear agreement between the parties to modify or terminate Mr. Hernandez’s obligation under the 1980 support award.
For the reasons articulated herein, the judgment of the district court is affirmed. Costs of the appeal are assessed against Mr. Hernandez.
AFFIRMED.