617 So.2d 182 (1993)
Linda Darlene McMichael BYRD, Plaintiff-Appellant,
v.
Robert M. BYRD, Defendant-Appellee.
No. 92-642.
Court of Appeal of Louisiana, Third Circuit.
April 7, 1993.
*183 Charles Wilson Seaman, Natchitoches, for Linda D.M. Byrd.
Robert Stuart Wright, Natchitoches, for Robert M. Byrd.
Before GUIDRY, KNOLL and WOODARD, JJ.
WOODARD, Judge.
This is an appeal from a judgment for child support arrearages. The issue on appeal is whether defendant, Robert Byrd, is entitled to a credit against these arrearages.

FACTS
Plaintiff and defendant were divorced on October 11, 1984. At that time, plaintiff, Linda Byrd, was awarded $150.00 per month for support of the minor child, Dorothy Reneé Byrd. After the divorce, Dorothy resided with her mother until May, 1987. In May, 1987, Dorothy moved in with her father. Defendant did not make any child support payments to plaintiff while Dorothy was living with him.
In October, 1987, while living with her father, Dorothy had an attack of appendicitis and was admitted to the hospital for two operations. Defendant maintained hospitalization insurance on Dorothy, but the insurance covered only 80% of the medical expenses. The remaining 20% of the medical bills, as well as the insurance deductible, were paid by defendant in monthly installments.
Dorothy moved back in with her mother in February, 1988. At this time, however, defendant did not resume his child support payments. He stated that he was unable to pay both child support and Dorothy's medical bills, and he told plaintiff that he would resume the child support payments when all the medical bills were paid. Defendant began paying child support again in June of 1989.
On October 2, 1991, plaintiff filed a rule for back due child support, for an increase in child support, and for sole custody of Dorothy. After a hearing on the merits, the trial judge found that Dorothy lived with defendant from June, 1987 through February, 1988, and stated that defendant would be given a credit for the months the child lived with him. The trial judge also stated that because it was plaintiff's obligation to pay the child's medical expenses, *184 defendant was entitled to a credit for the medical expenses that he paid.
On November 5, 1991, judgment was rendered in favor of plaintiff for child support arrearages in the amount of $2,550.00, less a credit to defendant of $2,416.76, for a total award to plaintiff of $133.24. Plaintiff was also awarded sole custody of Dorothy and was granted an increase in child support. Plaintiff appeals the judgment as to the child support arrearages.

LAW
The issue on appeal is whether defendant is entitled to credit against the child support arrearages.
It is well settled that a father who has an obligation to pay child support fulfills this obligation only by making payment to the mother. Thompson v. Courville, 372 So.2d 579 (La.App. 3 Cir.1979). The obligation to pay child support continues until judicially modified or terminated, even if the child no longer lives with the custodial parent. LaBove v. LaBove, 503 So.2d 670 (La.App. 3 Cir.1987), Bertrand v. Bertrand, 401 So.2d 552 (La.App. 3 Cir. 1981). The courts have recognized an exception to this rule, however, where the parties enter into a conventional obligation regarding the support award. Martin v. Martin, 433 So.2d 364 (La.App. 3 Cir.1983). The burden of proof is on the party asserting a modification of the support award to show that the parties clearly agreed to the modification. Martin, supra.
The trial judge made no findings as to whether or not the parties agreed to modify defendant's child support obligation. After a thorough review of the record, we find the evidence does not reflect that the parties ever reached an agreement regarding defendant's child support payments. Defendant apparently made a unilateral decision to withhold these payments while Dorothy was living with him and then while he was paying her medical bills. Plaintiff's mere acquiescence in the situation does not amount to an agreement.
While we are sensitive to the equities of defendant's arguments, and it is laudable that he took it upon himself to pay the medical bills, the law is clear that where there has been no judicial modification of the support award and no agreement between the parties, a father can fulfill his obligation to support his child only by making payment to the mother. Defendant simply did not meet his burden of proving that he and plaintiff entered into any type of express agreement regarding the child support payments.
We, therefore, find that the trial judge erred in stating defendant was entitled to a credit for the time Dorothy lived with him. See LaBove, supra. The trial court also erred in granting defendant a credit against the arrearages for the medical bills he paid. See Thompson v. Courville, supra.
We find that defendant owes child support arrearages of $3,600.00 for the months of June, 1987 through May, 1989. He is not entitled to a credit against these arrearages. Thus, we amend the judgment of the trial court in favor of plaintiff for child support arrearages in the amount of $3,600.00.
For the foregoing reasons, the judgment of the trial court awarding plaintiff child support arrearages is amended in plaintiff's favor. In all other respects, the judgment of the trial court is affirmed. Costs of appeal are assessed against defendant.
AFFIRMED AS AMENDED.