640 So.2d 737 (1994)
Mary Ann Decuir COPPER, Plaintiff-Appellant,
v.
Charles G. COPPER, Defendant-Appellee.
No. 93-1438.
Court of Appeal of Louisiana, Third Circuit.
June 1, 1994.
*738 Jo Ann Nixon, Lafayette, for Mary Ann Decuir Copper.
Lynn A. Derouen, New Iberia, for Charles G. Copper.
Before GUIDRY, C.J., and YELVERTON and WOODARD, JJ.
WOODARD, Judge.
This is an appeal from a judgment granting defendant's exception of prescription to plaintiff's claim for child support arrearages.

FACTS
Plaintiff, Mary Ann Decuir Copper, and defendant, Charles G. Copper, were judicially separated on November 7, 1980. At that time, plaintiff was awarded custody of the two minor children and defendant was ordered to pay child support of $350.00 per month. Shortly thereafter, plaintiff instituted URESA proceedings, and on February 6, 1981, the State of Georgia issued a URESA Order of Support, ordering defendant to pay $150.00 per month for child support. The parties divorced in 1986. The divorce judgment was silent as to child support. In May of that same year, plaintiff agreed to receive child support of $150.00 per month, payable through defendant's Army allotment.
On January 5, 1993, plaintiff filed a rule to make child support arrearages executory and for an increase in child support. Defendant has paid $150.00 per month since 1981, and plaintiff claims arrearages have accrued under the original civil order of support. Defendant filed an exception of prescription to plaintiff's claim for arrearages. The trial court sustained defendant's exception, finding all child support arrearages had prescribed, and awarded plaintiff an increase in child support.
Plaintiff appeals and asserts the following assignments of error: (1) the trial court erred in finding plaintiff's claim for child support arrearages had prescribed; (2) the trial court erred in finding that child support payments made pursuant to the URESA order were not payments pursuant to the civil support order, thereby interrupting prescription on the civil support order; and (3) the trial court erred in awarding visitation to defendant absent any request by defendant for such visitation. We affirm.

LAW
Defendant's child support obligation was $350.00 per month pursuant to *739 the civil support order of November 7, 1980. An order for child support remains in full force and effect in favor of the party to whom it is awarded until it is modified or terminated by a court, or the parties clearly agree to a modification of the support obligation. Dubroc v. Dubroc, 388 So.2d 377 (La.1980); Hendrix v. Hendrix, 457 So.2d 815 (La.App. 1 Cir.1984). A judgment rendered pursuant to URESA proceedings does not modify or supersede a previous civil order of support. Trice v. Trice, 428 So.2d 1265 (La.App. 3 Cir.1983). Furthermore, a judgment of divorce does not terminate a prior judgment awarding child support. Lewis v. Lewis, 404 So.2d 1230 (La.1981). Thus, defendant's original obligation of $350.00 per month was not modified by the URESA or the divorce judgment. It was, however, modified by a clear agreement between the parties.
On May 27, 1986, plaintiff executed a signed, witnessed and notarized document in which she states:
"Effective immediately, Sgt. Charles Copper and I have reached a mutual agreement that I would receive a monthly allotment of one-hundred fifty dollars ($150.00), for his dependents."
This sworn statement constitutes an extrajudicial admission by plaintiff that the parties agreed at that time to a monthly child support obligation of $150.00. Douglas Oil Tools, Inc. v. Demesnil, 552 So.2d 77 (La. App. 3 Cir.1989). Thus, the parties modified the support obligation, and thereafter defendant owed child support pursuant to the agreement and not the original order of support.
Since no arrearages accrued from the date of the agreement, plaintiff's claim must be for arrearages that accrued prior to the agreement. We must determine whether this claim has prescribed.
An action to make child support arrearages executory is subject to a liberative prescription of five years. La.Civ.Code art. 3497.1. Support payments made pursuant to the judgment ordering support interrupt the running of prescription; thus, prescription commences to run after the last payment made pursuant to the judgment. Marasco v. Metcalf, 381 So.2d 901 (La.App. 3 Cir.1980). The last payment made pursuant to the judgment was in May 1986, therefore, prescription commenced to run at that time. Plaintiff had until May 1991 to file her claim; her rule for arrearages was not filed until January 5, 1993. Accordingly, we affirm the trial court judgment granting defendant's exception of prescription.
In her last assignment of error, plaintiff claims the trial court erred in awarding visitation to defendant because he did not request visitation. We find no merit to this assignment of error as the trial court judgment does not, in fact, make any award of visitation.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to appellant.
AFFIRMED.