|,AMY, J.,
dissenting.
I respectfully dissent as I do not find merit in either of the State’s arguments. I first note that the trial court made a determination that the $50.00 payments were attributable to the ongoing support obligation. Athough Mr. Hastings’ testimony was the only evidence in this regard, I find that the circumstances of the payment may be fairly viewed as controlled by La. Civ.Code art. 1864, which provides that “[t]he obligor’s intent to pay a certain debt may be expressed at the time of payment or may be inferred from circumstances known to the obligee.” It does not seem incorrect to me that all parties were aware that any partial payment received from Mr. Hastings would necessarily support the children during the month in which it was received. It seems reasonable to conclude, that if the children were not being fully supported for an extensive period of time, as they were not, it would not follow that any money received would or could be viewed as retiring old debt. Thus, I find the trial court’s determination supported by the record and not manifestly erroneous.
As for the State’s alternative argument, that the original, lump sum arrearage figure was not an “adjudged arrearage” and, therefore, the defendant’s $50.00 payments interrupted the entire debt on a monthly basis, I find this argument to be without merit as well. Whether an “adjudged ar-rearage” or not, the $50.00 monthly payments were made following a modified judgment, that reducing the amount of Mr. Hastings’ monthly obligation. The finding that the payments were in satisfaction of | athis ongoing obligation under the modified judgment is, as discussed above, a finding subject to the manifest error standard of review. This court has previously ruled that “[pjayments made pursuant to an order which modifies a previous award of child support do not serve to interrupt prescription for claims based upon the previous order to pay child support.” Goss v. Goss, 95-1406, p. 5 (La.App. 8 Cir. 5/8/96); 673 So.2d 1366, 1369. See also Copper v. Copper, 93-1438 (La.App. 3 Cir. 6/1/94); 640 So.2d 737, writ denied, 94-1785 (La.10/7/94); 645 So.2d 211. As the $21,000.00 arrearage figure related to the original order, I do not find that payments could be viewed as repeatedly interrupting prescription.
Accordingly, I respectfully dissent.