490 So.2d 545 (1986)
Joan Stuart OURSO
v.
Robert J. OURSO, Jr.
No. CA-4670.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1986.
Reed & Reed, Floyd J. Reed, J.D., New Orleans, for plaintiff-appellee.
Joan B. Montero, New Orleans, for defendant-appellant.
Before GULOTTA, WILLIAMS and ARMSTRONG, JJ.
ARMSTRONG, Judge.
The defendant Dr. Robert J. Ourso, is appealing the trial court's judgment finding him in contempt of court, making executory past-due alimony and child support payments of $4,000 and assessing attorney's fees in the amount of $1,200.00 along with interest and costs. We affirm.
The record reflects that Joan Stuart Ourso and Robert J. Ourso were divorced on April 26, 1971. Mrs. Ourso was granted the custody of her three minor children. Dr. Ourso was ordered to pay alimony and child support in the sum of $1,000 per month. The payments were reduced subsequently to $800.00 on April 11, 1975.
On June 28, 1984 the trial court rendered judgment granting sole custody of the minor child Jessica to Dr. Ourso. Mrs. Ourso *546 was awarded $13,355.00 in past due alimony and child support, alimony in the amount of $700.00 per month and $1,500.00 attorney's fees. That judgment was affirmed by this court in Ourso v. Ourso, 482 So.2d 824, (La.App. 4th Cir.1986), writ den., 484 So.2d 139 (1986).
In the instant litigation, Mrs. Ourso filed a motion for contempt, executory judgment, assignment of wages and attorney's fees on October 23, 1984, in which she alleged that Dr. Ourso had refused to comply with the judgment of June 28, 1984. After many continuances a hearing was held on December 19, 1984, and the trial court rendered judgment granting the motion for assignment of wages in the amount of $1,000.00 per month.[1]
On May 24, 1985, Dr. Ourso filed a rule to terminate or reduce alimony. A hearing was held on the rule and Mrs. Ourso's motion for contempt, executory judgment and attorney's fees on May 29, 1985, and on June 5, 1985 the trial court issued its judgment finding Dr. Ourso in contempt of court, making executory past-due alimony and child support payments of $4,000.00 executory and assessing attorney's fees in the amount of $1,000.00, along with interest and costs.
The appellant argues that the trial court erred in holding him in contempt for not complying with the judgment of June 28, 1984, because said judgment made no reference to its retroactive effect nor did it give the defendant notice that he was obligated to pay any sum of support prior to the hearing of June 6, 1984. The judgment of June 28, 1984, reads in part:
It is Further Ordered, Adjudged, and Decreed that the amount of $13,355.00 be made due and executory to Joan Stuart Ourso for past due child support and alimony.
Although the above judgment makes no reference to its "retroactivity," we find that it does give adequate notice of the specific amount owed by the defendant.
The appellant further complains that the trial court failed to give him credit for monies he paid in excess of that required by the judgment in force from January of 1984 through June of 1984. The appellant relies on a March 30, 1983 stipulation that support payments would be $300.00 per month. We disagree.
The stipulation, was declared void in the appellant's previous appeal. Ourso v. Ourso, supra. The prior judgment of April 11, 1975 for $800.00 per month was still in effect. In addition, testimony taken at the hearing on June 6, 1984, reflects that the alleged overpayments made by Dr. Ourso were paid in satisfaction of a prior judgment which had been made executory. Furthermore, Dr. Ourso testified that he did not comply with the judgment of June 28, 1984.
The appellant also challenges the award of $1,200.00 in attorney's fees to Mrs. Ourso.
The amount of attorney's fees to be awarded is a matter within the sound discretion of the trial judge. LSA-R.S. 9:305; Ourso v. Ourso, supra; Manuel v. Manuel, 443 So.2d 729 (La.App. 4th Cir.1983).
The record reflects that from the date of filing the rule on October 23, 1984, until the hearing date on May 29, 1985, counsel for Mrs. Ourso made court appearances in this case on November 15, 1984, December 11, 1984, December 19, 1984, February 4, 1985, March 20, 1985 and May 29, 1985. In addition, the record reflects that the continuances were due to dilatory actions on the part of Dr. Ourso. In view of the facts of this case, attorney's fees in the amount of $1,200.00 does not appear to be an abuse of discretion.
Moreover, we find the appellee's request for an additional award to compensate for the costs of this appeal to be justified. We therefore award Mrs. Ourso an additional sum of $1,000.00 in attorney fees, with the costs of this appeal to be borne by Dr. Ourso.
*547 For the foregoing reasons, the judgment of the trial court is affirmed. We also award Mrs. Ourso an additional sum of $1,000.00 in attorney's fees, for costs of this appeal, with costs to be borne by Dr. Ourso.
AFFIRMED.
NOTES
[1] LSA-R.S. 46:236.3, as amended by Acts 1984, No. 221, § 1; Acts 1985, No. 42 § 1.