702 So.2d 851 (1997)
Brian Keith GAUTREAU, Plaintiff-Appellee,
v.
Elizabeth S. GAUTREAU, Defendant-Appellant.
No. 97-612.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1997.
*852 Adras Paul Endom, Andre F. Toce, Lafayette, for Brian Keith Gautreau.
Diane Sorola, Lafayette, for Elizabeth S. Gautreau.
Leah Antoinette Beard, Lafayette, for Shannon Gautreau, et al.
Robert W. Alleman, Lafayette, for Gwen C. Spillers.
Before SAUNDERS, WOODARD and GREMILLION, JJ.
WOODARD, Judge.
Defendant, Elizabeth S. Gautreau, in a Rule For Past Due Child Support, Contempt of Court, Attorney's Fees, and Court Costs, appeals the trial court's judgment granting plaintiff, Brian Keith Gautreau, past due child support, attorney's fees, costs, and holding her in contempt of court. We affirm in part and reverse in part.

FACTS
Brian K. Gautreau and Elizabeth Gautreau were married on February 13, 1982. They made their matrimonial domicile in Lafayette Parish, Louisiana. Three children were born of the marriage: Shannon Nicole Gautreau on March 26, 1985; Shelly Renee Gautreau on April 19, 1986; and Mary Elizabeth Gautreau on February 23, 1990. After the parties physically separated, Mr. Gautreau filed for divorce and child support from Ms. Gautreau on May 27, 1993. That case also concerned community property and custody determinations, resulting in a judgment, signed on May 15, 1996, in part, awarding child support to Mr. Gautreau in the amount of $890.78 per month, retroactive to October 1, 1993. On June 6, 1996, the trial court signed an order for a suspensive appeal to this court. Ms. Gautreau appealed, and on June 18, 1997, we affirmed the trial court in part, reversed in part, and remanded. Gautreau v. Gautreau, 96-1548, (La.App. 3 Cir. 6/18/97); 697 So.2d 1339. ("Gautreau I"). Relevant here, we affirmed the amount of child support Ms. Gautreau was to pay her husband each month.
On July 10, 1996, Mr. Gautreau filed a Rule for Past Due Child Support, Contempt of Court, attorney's fees, and costs. Pursuant to this Rule, a Hearing Officer Conference was held on August 26, 1996 in which the hearing officer recommended that: Ms. Gautreau be found in contempt of court, the arrearages due were $5,199.68, they be made executory, and Ms. Gautreau pay attorney's fees in the amount of $300.00 and all costs of court.
On September 3, 1996, Ms. Gautreau filed a Rule to Decrease Child Support, requesting that the amount of child support be reduced consistent with her present income. Mr. Gautreau filed a Declinatory Exception of Lack of Subject Matter Jurisdiction, which was heard on November 18, 1996. The trial court granted the Exception, since the initial filing ("Gautreau I") was on appeal at that time. Ms. Gautreau applied for Supervisory Writs to this court, which we granted and held that the trial court had erred in maintaining the Exception. Notwithstanding, a hearing on Ms. Gautreau's Rule to Decrease Child Support has not yet been fixed.
Meanwhile, on September 23, 1996, a hearing was held on Mr. Gautreau's Rule for Back Due Child Support, Contempt of Court, and Attorney's fees. The trial court approved *853 the hearing officer's recommendations that her arrearage, as of August 21, 1996, was $5,198. 68. The trial court added an additional $890.78 child support for that due in September and subtracted the $50.00 payment she had made on September 20, 1996, and signed a judgment, on October 25, 1996, ordering Ms. Gautreau to pay child support arrearage in the amount of $6,039.78. We note a slight mathematical error in the trial court's calculations. The proper amount should have been $6,039.46. The trial court also held her in contempt of court, and assessed attorney's fees in the amount of $300.00 plus court costs.
On December 6, 1997, Ms. Gautreau filed a Motion and Order for Suspensive Appeal from the October 25, 1996 judgment. The trial court denied a suspensive appeal and ordered a devolutive appeal. On January 6, 1997, Ms. Gautreau filed a Motion and Order to set Delay to Apply for Supervisory Writs. This court granted the Writ on January 29, 1997, permitting a suspensive appeal contingent upon her filing a suspensive appeal bond in the amount of $6,039.78, which she did. This appeal ("Gautreau II") followed.

ASSIGNMENTS OF ERROR
Ms. Gautreau claims that the trial court erred in:
1. Setting child support in the amount of $890.78 per month and therefore the amount of arrearage was erroneously calculated.
2. Holding her in contempt of court for her alleged failure to pay child support.
3. Failing to consider the rule for reduction filed by her on September 3, 1996, in its final calculation of the child support arrearage amount.
4. Casting her with attorney's fees and all costs.

LAW

CHILD SUPPORT
In this appeal, "Gautreau II," Ms. Gautreau contends that the amount of child support the trial court determined in Gautreau I, $890.78 per month, was too much, given her employment situation, and, thus, the trial court's calculation of arrearage would be erroneous if we reduced the trial court's determination of child support in "Gautreau I" on appeal.
In her brief, she simply reargues her reasons that the child support amount determined in Gautreau I was too high. We affirmed the trial court's decision on the child support awards in Gautreau I. Gautreau, 697 So.2d 1339. We will not revisit that issue. This assignment of error is without merit.

CONTEMPT OF COURT
In her second assignment of error, Ms. Gautreau argues that she did not willfully disobey the trial court's orders concerning child support she was to pay. Therefore, she should not have been held in contempt of court.
Although the Hearing Officer's report establishes that he recommended that Ms. Gautreau be held in contempt of court and that the trial court approved this recommendation, we cannot determine from the record the factual basis for the hearing officer's recommendation and the trial court's subsequent holding.
While a trial court has vast discretion to find a person in contempt of court, pursuant to La.Code Civ.P. art. 224(2), there must be a reasonable basis in the record for such a finding. Pursuant to La.Code Civ. P. art. 225, the trial court may only punish for contempt after a "trial" and the trial court shall state the facts that constitute the contempt. A trial court's failure to recite the facts that constituted the contempt, contrary to La.Code Civ. P. art. 225, is grounds for reversal of the contempt decision. Brown v. Brown, 493 So.2d 671 (La.App. 2 Cir.1986).
Accordingly, we reverse the trial court's decision holding Ms. Gautreau in contempt of court for the trial court's failure to state the facts in the record that constituted her alleged contempt.

RULE FOR REDUCTION
In her third assignment of error, Ms. Gautreau argues that because the trial court granted Mr. Gautreau's Declinatory Exception of Lack of Jurisdiction, she was unable *854 to present evidence prior to the September 23, 1996 hearing on Mr. Gautreau's Rule for Back Due Child Support. Therefore, the trial court erred in its final calculation of the child support arrearage amount.
The sequence of events concerning this issue is dispositive. Ms. Gautreau filed her Rule to Reduce Child Support on September 3, 1996. Mr. Gautreau filed a Declinatory Exception to the Rule which was not heard until November 18, 1996. By that time, the trial court had already held a hearing on September 23, 1996 concerning Mr. Gautreau's Rule for Back Due Child Support, filed on July 10, 1996, and issued a judgment on October 25, 1996. It is this judgment that is now before this court on appeal.
Further, the general rule is that a child support order remains in full force and effect in favor of the party to whom it is awarded until the party ordered to pay has the judgment modified or terminated by a court. To date, no hearing has been held on Ms. Gautreau's Rule to Reduce Child Support which she filed after the arrearage had already accrued and which, therefore, could not be adversely affected by her Rule.
Finally, there is no final judgment on this issue from which an appeal could be taken for us to make a ruling concerning the merits of a reduction.
This assignment of error is without merit.

ATTORNEY'S FEES AND COSTS
Ms. Gautreau was cast with $300.00 in attorney's fees plus all costs. She contends that this was error.
In Goss v. Goss, 95-1406, p. 10 (La.App. 3 Cir. 5/8/96); 673 So.2d 1366, 1372, we said:
La.R.S. 9:375(A) provides that "[w]hen the court renders judgment in an action to make executory past-due payments under a spousal or child support award ... it shall, except for good cause shown, award attorney's fees and costs to the prevailing party." The amount of attorney's fees to be awarded in an action for child support arrearage is within the sound discretion of the trial court. Ourso v. Ourso, 490 So.2d 545 (La.App. 4 Cir.1986).
The Hearing Officer recommended, and the trial court approved, an award of $300.00 in attorney's fees to Mr. Gautreau on this rule. This award was within the sound discretion of the trial court. Ms. Gautreau has offered nothing to convince us otherwise.
This assignment of error is without merit.

CONCLUSION
Ms. Gautreau's claims that: the child support arrearage was miscalculated, and it was error not to consider her Rule to Reduce Child Support in the trial court's calculation of the arrearage amount and to cast her for $300.00 in attorney's fees plus costs are without merit. We hereby modify the trial court's judgment of the arrearage amount from $6,039.78 to $6,039.46. The trial court's decision that Ms. Gautreau was in contempt of court is reversed. All costs of this appeal are cast against Ms. Gautreau.
AFFIRMED IN PART AND REVERSED IN PART.