767 So.2d 941 (2000)
Linda GARRETT
v.
Pervis ANDREWS.
No. 99 CA 1929.
Court of Appeal of Louisiana, First Circuit.
September 22, 2000.
Larry G. Starns, Denham Springs, for Plaintiff-Appellant Linda Garrett.
Otha Curtis Nelson, Baton Rouge, for Defendant-Appellee Pervis Andrews.
Before: PARRO, GUIDRY, and GANUCHEAU, JJ.[1]
GUIDRY, J.
Appellant, Linda Garrett, appeals the judgment of the trial court finding her in contempt for violation of an injunctive order. Based on the following, we reverse.

FACTS AND PROCEDURAL HISTORY
On December 1, 1994, appellant filed a petition for writ of injunction against Pervis Andrews. On December 19, 1994, a hearing was held on the rule to show cause issued in connection with appellant's petition. By a judgment dated December 20, 1994, the trial court issued a permanent injunction "enjoining both parties to refrain from any and all contact with each other in person, by telephone, or through a third party." Mr. Andrews was also prohibited from telephoning appellant's daughter.
On February 18, 1999, appellant filed a "Motion and Order for Defendant to Show Cause Why Contempt of Court Should not Issue for Violation of Court Order of Injunctive Relief." A hearing on this motion was held on March 4, 1999, at which time *942 the trial court found both parties in contempt of court for violation of the December 20, 1994 judgment. In its ruling, the trial court sentenced both appellant and Mr. Andrews to the following: (1) pay a $100.00 fine or spend ten days in jail; (2) a suspended sentence of 30 days in jail subject to the parties' good behavior for one year; and (3) pay court costs of $90.00.
On March 11, 1999, Mr. Andrews filed a motion for contempt against appellant in which he alleged that she had violated the December 20, 1994 judgment by making obscene phone calls to him and his girlfriend. He further stated that appellant had written letters to him, which he had returned to her at the March 4, 1999 hearing. Finally, Mr. Andrews requested that the trial court revoke appellant's pauper status.
A hearing on this matter was held on May 24, 1999, at which time the trial court considered the aforementioned motion and two additional motions for contempt. One of the additional motions was filed by Mr. Andrews' girlfriend, Treina Brooks, against appellant. The other motion was filed by appellant against Ms. Brooks. The trial court only ruled on the two motions filed against appellant. The trial court denied the relief requested in Ms. Brooks' motion for contempt. As to the motion filed by Mr. Andrews, the court denied relief as to his request for a contempt citation based on letters sent to him and for revocation of appellant's pauper status. The court then found appellant in contempt of court for violation of the December 20, 1994 judgment and sentenced her to six months in parish prison. Appellant appealed.[2] Mr. Andrews has answered the appeal and requested attorney's fees and costs based on his assertion that appellant's appeal is frivolous.

DISCUSSION
Appellant raises only one assignment of error in this appeal wherein she requests that this court reverse the finding of contempt based on the trial court's failure to recite any facts upon which its judgment of contempt was based. La. C.C.P. art. 225 B states that if a person is found guilty of contempt, "the court shall render an order reciting the facts constituting the contempt, adjudging the person charged with contempt guilty thereof, and specifying the punishment imposed."
In the written judgment, signed by the trial court on May 27, 1999, the order states the following in regard to appellant's contempt citation: "Linda Garrett is found in contempt and sentenced to six (6) months in the parish prison, and all cost[s] of this matter [are] assessed against Linda Garrett." The judgment fails to mention any facts upon which the contempt citation is based.
Nevertheless, the jurisprudence has consistently held that a contempt judgment can stand, despite a failure to recite the facts constituting the basis for the citation in the order, if such facts are recited by the trial court in open court. See DeGruy v. DeGruy, 98-1416, pp. 11-12 (La.App. 4th Cir.1/27/99), 728 So.2d 914, 920; Estate of Graham v. Levy, 93-0636, p. 12 (La.App. 1st Cir.4/8/94), 636 So.2d 287, 293, writ denied, 94-1202 (La.7/1/94), 639 So.2d 1167. However, a review of the trial transcript does not reveal that the trial court stated any facts in open court that would provide a basis for the contempt citation.
The transcript contains the following in regard to the trial court finding appellant in contempt: "The Court finds that Ms. Garrett has violated the order that the Court issued December 20, 1994. The Court will order that Ms. Garrett serve six months in the Parish Prison[.]" Earlier, in the course of the hearing, the trial court attempted to render its judgment and stated: *943 "In 94129246, the Court does find that there has been a violation of the Court's order and"; at that time, counsel for appellant interrupted the trial court to protest its failure to allow the presentation of a defense, which was then permitted.
It is clear from these statements, made in open court, that the trial court found appellant to have violated the December 20, 1994 judgment, but it fails to state in what respect it found that judgment to have been violated. The trial court's declaration of its reason for finding appellant in contempt is not sufficient to constitute a recitation of facts as required by La. C.C.P. art. 225 B. See Havener v. Havener, 29,785, p. 8 (La.App. 2nd Cir.8/20/97), 700 So.2d 533, 538. Therefore, we reverse the judgment of contempt and vacate the sentence of imprisonment ordered by the trial court. See Gautreau v. Gautreau, 97-612, p. 4 (La.App. 3rd Cir.10/8/97), 702 So.2d 851, 853. Accordingly, Mr. Andrews' request for a finding that appellant lodged a frivolous appeal, and for attorney's fees and costs, is therefore rejected.

CONCLUSION
Based on the trial court's failure to state facts in the record to support the finding of contempt, we reverse the judgment of contempt and vacate the order sentencing appellant to six months in parish prison. We also reject Mr. Andrews' request for a finding of frivolous appeal, attorney's fees and costs. All costs of this appeal are assessed against appellee, Pervis Andrews.
REVERSED AND VACATED.
NOTES
[1] Judge Richard J. Ganucheau, of the Orleans Parish Civil District Court, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Counsel for Mr. Andrews notes, in appellee's brief, that appellant inadvertently lodged two appeals in this matter, and therefore, by a joint motion of dismissal, the second appeal, questioning the judgment in regards to the motion filed by Ms. Brooks, was dismissed.