# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 19-210

**STATE OF LOUISIANA**

**VERSUS**

**PAUL VIDRINE, A/K/A PAUL CHRIS VIDRINE**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 109307-FA
HONORABLE GARY J. ORTEGO, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and John E. Conery, Judges.

**CONERY, J., concurs in the result.**

**SENTENCE FOR ILLEGAL POSSESSION OF STOLEN THINGS VACATED AND REMANDED FOR RESENTENCING;**

**SENTENCE FOR CRIMINAL TRESPASS VACATED;**

**CONVICTION AND SENTENCE FOR CONTEMPT OF COURT AFFIRMED.**

Trent Brignac
District Attorney – Thirteenth Judicial District
Julhelene E. Jackson
Assistant District Attorney – Thirteenth Judicial District
P. O. Drawer 780
Ville Platte, LA 70586
Telephone: (337) 363-3438
COUNSEL FOR:
     Plaintiff/Appellee – State of Louisiana

**Chad M. Ikerd**
**Louisiana Appellate Project**
**P. O.Box 2125**
**Lafayette, LA 70502**
**Telephone:  (225) 806-2930**
**COUNSEL FOR:**
**Defendant/Appellant – Paul Vidrine, a/k/a Paul Chris Vidrine**

**THIBODEAUX, Chief Judge.**

Defendant Paul Vidrine was charged by bill of information with one count of criminal trespassing on immovable property, in violation of La.R.S. 14:63(B), and one count of theft of a movable valued at $5,000.00 or more but less than $25,000.00, in violation of La.R.S. 14:67(B)(2). The State moved to sever the charges and proceed to a jury trial on the theft charge only. Additionally, the State filed an amended bill of information, charging Defendant with the theft only.

During trial, the jury was unable to reach a verdict. As a result, the State moved for another amended bill of information, charging Defendant with the amended charge of illegal possession of stolen things valued at $1,500.00 or more, in violation of La.R.S. 14:69(B)(1). Defendant pled guilty to the amended charge of possession of stolen things valued at $1,500.00 or more. The trial court accepted the plea then ordered a pre-sentence investigation (PSI).

Sentencing was reset several times as a result of Defendant's failure to appear in court. Ultimately, Defendant was sentenced to five years at hard labor, three years suspended, and three years of supervised probation on the illegal possession of stolen things valued at $1,500.00 or more charge. In addition, the trial court imposed a $1,500.00 fine, $127.50 in court costs, $350.00 to the IDB, $250.00 cost of prosecution, $100.00 warrant fee, and $50.00 to the victim fund in connection with the illegal possession of stolen things charge.

Although the amended bill of information did not charge him with criminal trespass, the trial court nonetheless sentenced Defendant on the criminal trespass charge to ninety days in the parish jail, to run concurrently with any other sentence. The trial court also sentenced him to sixty days in the parish jail to run

consecutively to any other sentence for Defendant's failure to appear for sentencing on at least two occasions.

Defendant's appeal challenges the excessiveness of his sentence imposed for the illegal possession of stolen things.

For the following reasons, this court orders the sentence vacated because of its indeterminate nature and the case remanded for resentencing on this charge.

I.

**ISSUES**

We must decide:

(1)    whether this court may review on appeal a sentence imposed for a misdemeanor charge, which was not included in the amended bill of information;

(2)    whether there is an error patent regarding the sentence imposed for illegal possession of stolen things; and

(3)    whether the trial court's ruling and sentence regarding defendant's failure to appear were proper.

II.

**FACTS AND PROCEDURAL HISTORY**

The following factual basis was set forth by the State at Defendant's guilty plea:

> He's pleading to one count of Title 14 Section 69 (B) (1) possession of stolen goods having a value of $1,500.00 or more, the defendant shall be imprisoned with or without hard labor for not more than ten years or may be fined not more than $3,000.00 or both. The factual circumstances[:] on or about February 7, 2017 within the

Parish of Evangeline the defendant was found to be in possession of a crawfish boat which was stolen from Mr. Troy West. The approximate value of the crawfish boat was $8,000.

III.

**STANDARD OF REVIEW**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent. Upon reviewing the record, this court finds there is an error patent regarding the sentence imposed for illegal possession of stolen things that requires the sentence to be vacated and the case remanded for resentencing. There are also procedural issues regarding the trial court's imposition of a sentence for criminal trespass and appellate jurisdiction issues over the sentence imposed for criminal trespass and the sentence imposed for failure to appear.

IV.

**LAW AND DISCUSSION**

**PROCEDURAL ISSUES:**

In this case, Defendant was originally charged with criminal trespass and theft of a thing valued at more than $5,000.00 but less than $25,000.00. Although the charging of these offenses in the same bill constituted a misjoinder since they were triable by different modes of trial, the error was cured when the State moved to sever the charges and filed an amended bill of information, leaving only the theft charge. However, an issue arises because nothing in the record before this court indicates Defendant was convicted of or pled guilty to criminal trespass before the trial court imposed a sentence on that charge. The trial court stated the following:

3

> The Court is ready to pronounce sentence. Mr. …
> in State of Louisiana versus Paul Chris Vidrine, Docket
> No. 109307-FA pursuant to your plea agreement,
> pursuant to the uh […] the statute R.S. 14:69AB(1) [sic]
> and on the Criminal Trespass a plea of guilty in violation
> of 14:63 the Court sentences you as follows:….[N]ow as
> to the second count, the misdemeanor, Criminal Trespass
> of immovable property, in violation of 14:63B the
> trespass the maximum sentence of 90 days in the Parish
> Jail….. I'm gonna [sic] run it concurrent instead of
> consecutive.

Since the criminal trespass charge was not triable by a jury, the proper mode of appellate review for criminal trespass is by writ rather than appeal. *See* La.Code Crim.P. art. 912.1. However, this court will address the error in the interest of judicial economy. *See State v. Fusilier*, 06-1438 (La.App. 3 Cir. 4/4/07), 954 So.2d 866. Defendant failed to mention the criminal trespass sentence in his brief, limiting his argument to the excessiveness of the sentence imposed for illegal possession of stolen things. Nevertheless, the fact that an argument was not made does not negate the need for discussion. Ordinarily, this court will only review issues submitted to the trial court and assigned as errors on appeal, unless the interest of justice clearly requires otherwise. Rule 1-3, *Uniform Rules—Court of Appeal*. In the interest of justice, Defendant's criminal trespass sentence must be addressed. Otherwise, the sentence imposed by the trial court remains on a charge that does not exist.

In *Fusilier*, the defendant was sentenced based on one felony conviction and three misdemeanor convictions. However, in the defendant's brief, only the felony conviction and two of the three misdemeanor convictions were addressed. This court did not sever the misdemeanor convictions and relegate them to disposition on a writ application; rather, in the interest of judicial economy,

4

we addressed them on appeal. This court noted that the first circuit has stated the following in a similar circumstance:

> This appeal relates to both defendant's felony convictions and his misdemeanor convictions. Normally, misdemeanor convictions would not be appealable. Instead, defendant could petition an appellate court for a writ of review. However, when the charges in the two bills of information were consolidated, they became a single "case." Because defendant was entitled to a jury trial, upon conviction he was entitled to appeal the "case." *See* La. Const. art. I, § 17; La. C.Cr.P. arts. 706 and 912.1(B); *State v. Comeaux*, 408 So.2d 1099, 1104 (La. 1981).

*Fuselier*, 954 So.2d at 868-69 (quoting *State v. Swan*, 544 So.2d 1204, 1206 n. 3 (La.App.1 Cir. 1989).

Furthermore, Defendant's criminal trespass sentence must be addressed because it is so inextricably intertwined with the illegal possession of stolen things sentence enforced by the trial court. For instance, in *State v. Williams*, 07-490 (La.App. 3 Cir. 10/31/07), 969 So.2d 744, the defendant was charged with possession with intent to distribute cocaine, in violation of La.R.S. 40:967, and with possession of drug paraphernalia, in violation of La.R.S. 40:1023. He pled guilty to the lesser charge of possession of cocaine and to possession of drug paraphernalia. On the possession of cocaine charge, he was sentenced to five years at hard labor, which was to run consecutively to any other sentence that he may have been subjected to. He was also ordered to pay a $1,500.00 fine plus court costs. For the possession of drug paraphernalia charge, the defendant was sentenced to six months in the parish jail and was fined $500.00 plus court costs. This sentence was ordered by the trial court to run concurrently with the defendant's sentence for possession of cocaine, but consecutively to any other sentence. In *Williams*, this court found that since the sentences were ordered to run

5

concurrently, they were intertwined with each other. Consequently, this court did not sever the misdemeanor conviction but instead addressed it on appeal.

In this case, the trial court ordered the criminal trespass sentence to run concurrently, instead of consecutively, with the illegal possession of stolen things sentence. Due to the trial court's order, the criminal trespass sentence is so inextricably intertwined with the illegal possession of stolen things sentence that it should be addressed on appeal.

In accordance with La.Code Crim.P. art. 872, we find that the trial court erred by imposing a sentence for a criminal trespass charge that does not exist. Consequently, we vacate the sentence for criminal trespass.

Additionally, in the interest of judicial economy, we will not sever the trial court's ruling and sentence regarding Defendant's failure to appear; however, we will address whether the trial court's ruling and sentence regarding Defendant's failure to appear were proper. After sentencing on the criminal charges, the trial court addressed Defendant's failure to appear in court. The trial court sentenced him to sixty days in the parish jail to run consecutively with his other sentences. In doing so, the trial court was exercising its authority to punish Defendant for direct contempt of court.

According to La.Code Crim.P. art 21, direct contempt is a "contumacious failure to comply with a subpoena, summons or order to appear in court." In the present case, Defendant failed to appear for sentencing on multiple occasions between August 2017 and his eventual sentencing in December 2018. Defendant appeared in court on April 5, 2018 for sentencing, but the hearing was reset for April 16th. The minutes reflect that Defendant was notified in open court of the date and time of the reset hearing. Upon Defendant's failure to appear at the

April 16th hearing, the court ordered that a bench warrant be issued, Defendant's bond forfeited, and no new bond was set. The sentencing was reset for July 5, 2018. Defendant also failed to appear on July 5th, September 6th, and December 6th. Defendant's continued failure to appear for sentencing constitutes direct contempt of court.

Louisiana Code of Criminal Procedure Article 22 provides:

> A person who has committed a direct contempt of court may be found guilty and punished therefor by the court without any trial, after affording him an opportunity to be heard orally by way of defense or mitigation. The court shall render an order reciting the facts constituting the contempt, adjudging the person guilty thereof, and specifying the punishment imposed.

Louisiana Code of Criminal Procedure Article 25 provides:

> A. A person may not be adjudged guilty of a contempt of court except for misconduct defined as such or made punishable as such, expressly by law.
>
> B. Except as otherwise provided in this Article, a court may punish a person adjudged guilty of contempt of court in connection with a criminal proceeding by a fine of not more than five hundred dollars, or by imprisonment for not more than six months, or both.

At the sentencing hearing, Defendant testified before the court explaining that he failed to appear because he did not have the means to get to the court and was currently living in a "dryer office". The trial judge explained that he would not consider the failure to appear separately from the initial sentencing. The judge informed defense counsel that Defendant could make another statement regarding his failure to appear, or use the statement previously given. Defendant chose to use the prior statement. The trial court then found Defendant guilty of failure to appear and sentenced him to sixty days in the parish jail.

Article 22 of the Louisiana Code of Criminal Procedure provides the procedural provisions for punishing direct contempt, and states "[t]he court shall render an order reciting the facts constituting the contempt, adjudging the person guilty thereof, and specifying the punishment imposed." Interpreting this phrase, courts have held that a contempt ruling can stand, despite a failure to recite the facts constituting the basis for the citation in the order, if such facts are recited in open court. *See Garrett v. Andrews*, 99-1929, p. 4 (La.App. 1 Cir. 9/22/00), 767 So.2d 941, 942; *DeGruy v. DeGruy*, 98-1416, pp. 11-12 (La.App. 4 Cir. 1/27/99), 728 So.2d 914, 920. Although these cases deal with civil contempt, the principle applies equally to criminal contempt.

The trial court did not recite any facts regarding Defendant's failure to appear in its oral ruling; however, the record reflects that Defendant failed to appear in court multiple times between the trial ending on August 23, 2017, and the actual sentencing on December 13, 2018. Although the trial judge decided not to read each instance in which Defendant failed to appear, neither Defendant nor his counsel objected to the decision. Additionally, statements made by Defendant reveal that he was aware of his failure to appear in court on more than one occasion.

Therefore, we find that the trial court substantially complied with the procedural provisions for direct contempt of court found in La.Code Crim.P. art. 22. The trial court explained that Defendant failed to appear in court on multiple occasions and offered him two separate opportunities to make a statement in his defense. The trial court then issued its ruling and found Defendant guilty of failure to appear which is a direct contempt of the court. The trial court's sentence was well within the six months allowed by La.Code Crim.P. art. 25. Consequently, we

affirm the adjudication of contempt against Defendant and the sixty-day consecutive sentence imposed for failure to appear in court.

**ERRORS PATENT:**

There is one error patent regarding the sentence imposed for illegal possession of stolen things that requires the sentence to be vacated and the case remanded for resentencing. The trial court's restitution order is indeterminate in two respects. First, the restitution order is indeterminate because it is unclear whether the trial court imposed the restitution as part of the principal sentence or as a condition of probation. "The Code of Criminal Procedure provides for the imposition of restitution either as a condition of probation (La. Code Crim.P. arts. 895 and 895.1) or as part of the principal sentence (La. Code Crim.P. art. 883.2)." *State v. Mingo*, 15-435, p. 3 n. 4 (La.App. 1 Cir. 9/18/15) (unpublished opinion), w*rit denied*, 15-1896 (La. 3/14/16), 189 So.3d 1072. When the trial court in the present case first mentioned restitution at sentencing, it did not state that it was being imposed as a condition of probation. Eventually, however, the trial court imposed the following condition of probation:

> [R]efrain from all criminal conduct; pay a restitution fee of $60.00 per month make [a] full and truthful report at the end of each month and report to your probation officer as directed; meet your specified family responsibilities and obligations;… permit the probation officer to visit you at home, at work and elsewhere; devote yourself to approved employment or occupation upon release; refrain from owning or possess[ing] any firearms or other dangerous instrumentalities; make reasonable reparation and restitution to the aggrieved party; refrain from frequenting unlawful or disreputable places or consorting with disreputable persons; remain within the jurisdiction of the Court and get permission from the Court or other probation officer before making any changes in your address or employment; submit yourself upon release to

9

> an available medical, psychiatric mental health or substance abuse examination or treatment or both when deemed appropriate by the Court and/or your probation officer.

The trial court mentioned restitution twice in the above excerpt regarding the conditions of probation—once in the imposition of a "restitution fee of $60.00 per month" and once in the imposition of "reasonable reparation and restitution to the aggrieved party." The first mention of the restitution fee by the trial court was likely a misstatement or typographical error by the court reporter. A monthly probation fee around that amount is typically imposed when a defendant is placed on probation. La.Code Crim.P. art. 895(A). Although the transcript of sentencing prevails, the minutes of sentencing indicate the $60.00 per month fee was a probation fee. The court acknowledges the trial court's imposition of the "restitution fee of $60.00 per month" could be interpreted as a payment plan for the restitution, implying restitution was imposed as a condition of probation. However, as discussed below, the trial court did not impose a determinate amount of restitution. Therefore, it is not logical for this court to interpret the trial court's statement as a payment plan. Additionally, the trial court's imposition of "reasonable reparation and restitution" as a condition of probation could have been an express statement by the trial court that it intended to order restitution as a condition of probation or it could have been a routine recitation of the general condition set forth in La.Code Crim.P. art. 895(A)(7). Considering the aforementioned, this court finds that it is not clear whether the trial court has imposed restitution as a condition of probation or as part of the principal sentence.

Further, the trial court failed to set the amount of restitution to be paid. Whether the restitution was ordered as a condition of probation or as part of the

10

principal sentence, the restitution order must be a certain amount determined by the trial court:

> If restitution is ordered as a condition of probation, it is to be "a reasonable sum not to exceed the actual pecuniary loss to the victim in an amount certain" [La C. Cr. P. art. 895.1(A)(1)] and "in an amount to be determined by the court" [La. C. Cr. P art. 895(A)(7)]. When the trial court fails to set a specific amount to be paid in restitution as a special condition of probation, the defendant's sentence is defective. *State v. Wilson*, 613 So.2d 234 (La. App. 1 Cir. 1992), *writ denied*, 93-0533 (La. 3/24/94). 635 So. 2d 238. The court may also order restitution as part of the principal sentence under La. C. Cr. P. art. 883.2, in which case a nonspecific restitution order will render the sentence indeterminate and thus invalid. *State v. Fussell*, 06-2595 (La. 1/16/08), 974 So.2d 1223.

*State v. Hampton*, 52,430, p. 2 n. 2 (La.App. 2 Cir. 11/14/18), 261 So.3d 993, 998, n. 2, *writ denied*, 19-287 (La. 4/29/19). 268 So.3d 1029 (alterations in original).

In the present case, the trial court stated the following regarding restitution:

> In addition to that, the restitution, the Court's gonna order that there be, if there's any, that there be restitution and at the request of your Court appointed attorney you are… you are reserved unto you the restitution hearing if there's a debate between him and… and the other department [sic]….

In a recent case, this court addressed the trial court's failure to set an amount of restitution and found the error required the sentence to be vacated and the case remanded for resentencing. *State v. Loyd*, 18-968 (La.App. 3 Cir. 6/5/19), 274 So.3d 112. The restitution order found to be indeterminate in *Loyd* and in the case cited by *Loyd* is similar to the restitution order in the present case. Addressing the issue, *Loyd* stated:

We further find that in sentencing Defendant, the trial court failed to set the amount of restitution to be paid to the victim. Specifically, the trial court stated:

> Order that you pay restitution to Ms. [Spotsville] for the monetary amount that she paid you, and as well as any out of pocket expenses that were not covered by insurance. Court will allow you to res - - reserve the right to a restitution hearing if you and your par - - probation or parole officer cannot agree on that amount.

In *State v. Fussel*, 06-324 (La.App. 3 Cir. 9/27/06), 941 So.2d 109, restitution was imposed pursuant to La.Code Crim.P. art. 883.2, as it was in the instant case. On error patent review, this court found the defendant's sentence was indeterminate due to the trial court's failure to set the amount of restitution. The trial court stated in pertinent part:

> I'm also gonna [sic] order you to pay all restitution involved with respect to - - if there is any - - I order you to pay for any and all medical counseling and health expenses incurred by the victim or her family, as a consequence of your conviction for these offenses. That's also gonna [sic] be - - it's an indetermined amount, it's just gonna [sic] be generally made in the judgment. I don't know what it's gonna [sic] be. I don't even know if the State's gonna [sic] make an application for that.
>
> . . . .
>
> And I've already ordered you to pay for any and all medical counseling or other health expenses incurred by the victim or her family as a consequence of your commission of those particular offenses in that case.

*Fussell*, 941 So.2d at 139.

This court vacated the defendant's sentences and remanded the case for resentencing with the instruction that if restitution was imposed, the trial court must specify the amount.

The supreme court agreed, stating:

>    We agree with the Third Circuit Court of Appeal that, due to a nonspecific restitution order, the sentences imposed upon Defendant by the trial court were indeterminate and, thus, invalid. *See* La. C.Cr.P. art. 879 (stating that "[i]f a defendant who has been convicted of an offense is sentenced to imprisonment, the court shall impose a determinate sentence"); La.C.Cr.P. art. 883.2. Accordingly, this case must now be remanded for resentencing on all convicted counts.

*State v. Fussell*, 06-2595, p. 25 (La. 1/16/08), 974 So.2d 1223, 1238 (footnote omitted).

>    Louisiana Code of Criminal Procedure Article 883.2 provides in pertinent part:

>    A.  In all cases in which the court finds an actual pecuniary loss to a victim, or in any case where the court finds that costs have been incurred by the victim in connection with a criminal prosecution, the trial court shall order the defendant to provide restitution to the victim as a part of any sentence that the court shall impose.

>    . . . .

>    C.  The court shall order that all restitution payments be made by the defendant to the victim through the court's designated intermediary, and in no case shall the court order the defendant to deliver or send a restitution payment directly to a victim, unless the victim consents.

>    *Text of par. D effective until August 1, 2019.*

>    D.  Notwithstanding any other provision of law to the contrary, if the defendant is found to be indigent and therefore unable to make restitution in full at the time of conviction, the court may order a periodic payment plan consistent with the person's financial ability.

>    *Text of par. D effective August 1, 2019.*

>    D.  Notwithstanding any other provision of law to the contrary, if the defendant is found to be

13

> indigent and therefore unable to make restitution in full at the time of conviction, the court may order a periodic payment plan pursuant to the provisions of Article 875.1.
>
> Accordingly, Defendant's sentence is vacated and the case remanded for resentencing in accordance with La.Code Crim.P. art. 883.2 with instructions that if restitution is imposed, the amount must be specified.

*Loyd*, 274 So.3d at 120-21 (fourth alteration ours) (footnote omitted).[1]

As in *Loyd* and *Fussell*, this court finds the restitution order in the present case is indeterminate.

For these reasons, the sentence imposed for illegal possession of stolen things valued at $1,500.00 or more is vacated and the case remanded for resentencing. The trial court must specify the amount of restitution if it is imposed. Additionally, if the trial court places Defendant on probation, the trial court must specify whether the restitution is imposed as a condition of probation pursuant to La.Code. Crim.P. art. 895.1 or as part of Defendant's principal sentence pursuant to La.Code. Crim.P. art. 883.2.

## ASSIGNMENT OF ERROR:

Defendant alleges his sentence is excessive because the trial court did not suspend all the sentences. However, this assignment of error is moot considering this court's order to vacate the sentence imposed and remand for resentencing because of the error patent discussed above.

---

[1] In *Loyd*, this court noted that in *Fussell*, 974 So.2d 1223, the supreme court agreed with this court's ruling on the restitution issue, but the supreme court reversed this court on other grounds. *Loyd*, 274 So.3d at 121, n.2.

V.

## **CONCLUSION**

For the foregoing reasons, the sentence for illegal possession of stolen things valued at $1,500.00 or more is vacated and the case is remanded for resentencing. In the event restitution is imposed by the trial court, the amount must be specified. Additionally, if Defendant is placed on probation, the trial court must specify whether the restitution is imposed as a condition of probation pursuant to La.Code Crim.P. art. 895.1 or as part of Defendant's principal sentence pursuant to La.Code Crim.P. art. 883.2. The sentence imposed by the trial court for criminal trespass is vacated and the sentence imposed for contempt of court is affirmed.

**SENTENCE FOR ILLEGAL POSSESSION OF STOLEN THINGS VACATED AND REMANDED FOR RESENTENCING;**

**SENTENCE FOR CRIMINAL TRESPASS VACATED;**

**CONVICTION AND SENTENCE FOR CONTEMPT OF COURT AFFIRMED.**